UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARRY McKENZIE, #K4202                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:15cv84-DPJ-FKB

STATE OF MISSISSIPPI, et al.                                            DEFENDANTS

ORDER OF DISMISSAL

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Larry

McKenzie, an inmate currently confined in the Stone County Regional Correctional Facility in

Wiggins, Mississippi, filed this Complaint [1] pursuant to 42 U.S.C. § 1983.  The named

Defendants are the State of Mississippi; the Mississippi Department of Corrections (MDOC);

MDOC Records Department; Marshall L. Fisher, Commissioner; Alecia Box, Chief Records

Officer; and John Doe.  Plaintiff is seeking as relief the following:  (a) a declaratory judgment

that he has a protected liberty interest in receiving meritorious earned time (MET) under

Mississippi Code Annotated section 47-5-142(1), that MDOC Standard Operating Policy (SOP)

15-03-01 is unconstitutional, and that Plaintiff's constitutional rights under the Eighth and

Fourteenth Amendments have been violated; (b) injunctive relief directing that his sentence be

credited with all MET submitted on Plaintiff's behalf, that Plaintiff be released immediately, that

MDOC stop applying SOP 15-03-01, that MDOC grant Plaintiff "eligibility" to receive MET

time notwithstanding his mandatory sentence, that all his fines and fees be canceled, and that he

is not required to serve probation or post-release supervision time once he is released; (c)

monetary damages; (d) court costs and reasonable attorney's fees; and (e) all other relief that

Plaintiff may be entitled to receive.  Pl.'s Am. Compl. [14] at 9–11.  Having considered

Plaintiff's Complaint [1], Amended Complaint [14], and the relevant case law, the Court has determined that this civil action will be dismissed.

I.    Background

Plaintiff was convicted in the Circuit Court of Lauderdale County, Mississippi, and was sentenced to serve a 15-year sentence day-for-day with five years of post-release supervision. Pl.'s Am. Compl. [14] at 3.  Plaintiff states that his sentence is governed by Mississippi's Truth-in-Sentencing laws, specifically Mississippi Code Annotated sections 47-7-3; 47-5-138; and 47-5-139, which do not allow parole, earned time/early release, or trustee-earned time.  *Id.*  Plaintiff asserts that Mississippi Code Annotated section 47-5-142 "is the controlling state law that enumerates which inmates are eligible to receive meritorious earned time."  *Id.*  According to Plaintiff, he is eligible for meritorious earned time notwithstanding his mandatory sentence because Mississippi Code Annotated section 47-5-142 provides that "any offender shall be eligible to receive meritorious earned time."  *Id.* (emphasis deleted) (internal quotation marks omitted).  Plaintiff alleges that MDOC has an internal policy, SOP 15-03-01, which deems him ineligible to receive MET since he is serving a mandatory sentence.  *Id.*  Plaintiff argues that an "[i]nternal MDOC policy cannot usurp its authority over state statutory law."  *Id.* at 4.  As such, Plaintiff states he is entitled to "all MET time for past and present classes and work programs in which he is and has been involved."  *Id.*  Plaintiff concludes that "[t]he amount of MET time that is due to the plaintiff is sufficient enough that his sentence has expired."  *Id.*

II.    Discussion

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoners proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court

determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Because the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).  *See* Order [12].

Plaintiff has filed the instant civil action pursuant to 42 U.S.C. § 1983.  A civil action brought pursuant to 42 U.S.C. § 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)).  On the other hand, claims that affect the eligibility for, or entitlement to, accelerated release must be pursued through a request for habeas corpus.  *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).  Having reviewed the allegations of Plaintiff's Complaint [1] and Amended Complaint [14], the Court finds that the true nature of the instant civil action is a request for habeas relief.

Plaintiff asserts that "[t]he amount of MET time that is due to the plaintiff is sufficient enough that his sentence has expired," Pl.'s Am. Compl. [14] at 4, and that the Defendants' denial of MET violates his constitutional rights under the Eighth and Fourteenth Amendments, *id.*  As a result, Plaintiff is requesting that he be released from custody.  *Id.* at 9.  If Plaintiff's claims that his constitutional rights were violated are proven and this Court grants the requested relief, it would result in Plaintiff being released from custody.  With this in mind, this Court has determined that Plaintiff must first pursue this cause by filing a petition for habeas corpus relief.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that a § 1983 civil action is barred

3

when the allegations are attempting to "demonstrate the invalidity of confinement or its

duration," and as such, those claims must be brought in a petition for habeas corpus relief).

The Court finds that Plaintiff is presently pursuing a petition for habeas relief in *McKenzie*

*v. Brewer*, No. 3:15cv10-CWR-FKB.  Because Plaintiff has a pending civil habeas action, this

Complaint will not be liberally construed as a petition for habeas corpus relief but will be

dismissed without prejudice as to the habeas claims.

As for his monetary damages, Plaintiff's potential claims are not ripe under § 1983.  The

United States Supreme Court held in *Heck v. Humphrey* that a claim for monetary damages

which essentially challenges a plaintiff's imprisonment is not cognizable under 42 U.S.C.

§ 1983.  512 U.S. 477 (1994).  There, the Court stated that

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
> A claim for damages bearing that relationship to a conviction or sentence that has *not*
> been so invalidated is not cognizable under § 1983.

*Id.* at 486–87 (footnote omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 282–83 (5th Cir. 1994)

(per curiam).

As previously stated, if the Court were to find in Plaintiff's favor and determine that his

constitutional rights were violated by the incorrect calculation of his sentence because he has not

received MET to which he is allegedly entitled, it would necessarily imply the invalidity of his

imprisonment.  In addition, Plaintiff has failed to demonstrate that the calculation of his sentence

has been "reversed on direct appeal, expunged by executive order, declared invalid by a state

4

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254," *Heck*, 512 U.S. at 487. Thus, Plaintiff's claims for monetary damages are barred by *Heck* at this time and will be dismissed. *See Horner v. Johnson*, No. 3:04-cv-0003-L, 2005 WL 26846, at *2 (N.D. Tex. Jan. 4, 2005) (holding that the rules in *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997), apply to a challenge to sentence calculation).

As for any state-law claims Plaintiff may be asserting, because the Court is dismissing Plaintiff's federal claims filed pursuant to 42 U.S.C. § 1983, the Court declines supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that the district court has discretion to decline supplemental jurisdiction over any state-law claim when it has "dismissed all claims over which it has original jurisdiction").

III.   Conclusion

As discussed above, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 at this time. To the extent Plaintiff is requesting release from custody, his claims are not properly pursued in a § 1983 action. Thus, any habeas corpus claims Plaintiff may be asserting in this complaint are dismissed without prejudice. Additionally, to the extent that Plaintiff is seeking monetary damages for his claims in this § 1983 action, Plaintiff's claims are dismissed as frivolous with prejudice to their being asserted again until the *Heck* conditions are met. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding that claims dismissed pursuant to *Heck* are properly dismissed as frivolous until the *Heck* conditions are met); *see also Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (holding that claims barred by *Heck* are properly dismissed with prejudice "until the *Heck* conditions are met").

5

Because Plaintiff's § 1983 claims for monetary damages will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the dismissal of this claim will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A separate final judgment will be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE